TITUS B. HENSTED *et al.*, Plaintiffs in Error, *v.* SAMUEL RANKIN, EXECUTOR, &c., Defendant in Error.

Instructions all wrong.

*Error to Jasper Circuit Court.*

BATES, Judge, delivered the opinion of the court.

This was a suit instituted by Ann Scruggs, the widow of Lewis H. Scruggs, against the administrator of Rankin, upon a note executed by Rankin and Lewis H. Scruggs, the then husband of the plaintiff Ann, to her pending the suit. She married Titus B. Hensted, who was made a party plaintiff. The defence set up was that the note was given for money

borrowed of said Ann by Rankin, merely for said Lewis H. Scruggs, with the knowledge of plaintiff that the money, at the time it was borrowed, belonged to said Lewis, and was immediately paid to said Lewis. At the trial, evidence was given strongly tending to establish the truth of the matters relied on as a defence. The court then instructed the jury for the plaintiffs as follows :

1. If Lewis H. Scruggs, the husband of the female plaintiff, had given the money for which the note was executed to said plaintiff for her sole and special use, they will find for the plaintiffs.

2. If the note in plaintiffs' petition mentioned was executed to the female plaintiff by Jacob Rankin in his lifetime, she has the right to recover on said note unless the defendant has proved the consideration of said note was the money of Lewis H. Scruggs.

For the defendant, the court instructed as follows :

1. If Lewis H. Scruggs said to Ann Scruggs, on the morning the money was obtained, that it was the money he let her have to get teeth put in, and that it was agreed that it was to be returned on failure to get the teeth put in, and if she did not deny it, this is evidence from which the jury may conclude that it was the money so given to her by her husband, and that the agreement was that she was to return the money on failure to get teeth put in.

2. If the money, which was the consideration of the note, was money given to the plaintiff Ann to procure teeth put in, and if the gift was made with the understanding that if she failed to get the teeth put in the money was to be returned, the money on failure to get the teeth put in was the money of Lewis H. Scruggs ; and in that case, if Lewis H. Scruggs received the money, and it was obtained by him by decedent Rankin at Scruggs' instance, the jury ought to find a verdict for the defendant.

Each of the instructions given for each of the parties was erroneous, and therefore, with the concurrence of the other judges, the judgment is reversed and the cause remanded.